# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

TATIANA YAMILETH BURGOS TORRES,

Petitioner,

v.

MARKWAYNE MULLIN ET AL.,

Respondents.

Case No. 5:26-cv-01962-AYP

**ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS**

Petitioner, Tatiana Yamileth Burgos Torres, is a national of El Salvador and current immigration detainee. (Dkt. No. 1.) Petitioner was paroled into the United States for the purposes of applying for asylum and released by ICE in November 2024. She has been detained at Adelanto since June 5, 2025. Petitioner was apprehended and redetained when she appeared for an immigration court hearing. *Id* at 23.

On April 20, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to release her from

immigration detention or to provide an immigration bond hearing. (Dkt. No. 1.) In their Answer, Respondents stated they "are not presenting an opposition argument." (Dkt. No. 7 at 2.) Petitioner consented to proceed before the Magistrate Judge on May 29, 2026. (Dkt. No. 9.) As such, the verified facts set forth in the Petition, the legal arguments, and the relief requested are all uncontested. For the reasons set forth below, the Court **GRANTS** the habeas petition.

## I. DISCUSSION

Petitioner is a national of El Salvador who presented herself at the United States border for her prescheduled CBP One appointment on November 3, 2024 (Dkt. No. 1 at 3.) That day she told the immigration official she was seeking asylum in the United States to escape persecution in El Salvador and a history of severe sexual and physical abuse based on her gender. *Id.* Thereafter an immigration official briefly detained her, screened her and released her on humanitarian parole after determining that she was neither a flight risk nor danger to others. *Id.* Petitioner has no criminal record, is not a national security risk, and does not pose a flight risk or threat to others. *Id.* She was served with a Notice to Appear ("NTA") requiring that she appear before the Executive Office of Immigration Review ("EOIR") to seek asylum. *Id.*

On April 8, 2025, DHS announced that it was cancelling parole for more than 900,000 noncitizens, like Petitioner, who entered the United States lawfully via appointments scheduled on CBP One app. *Id.* at 4.

On June 5, 2025, Petitioner appeared for her initial Master Calendar Hearing where the Immigration Judge ("IJ") dismissed her asylum case. That same day, without notice specifying why she was being redetained, Immigration Customs and Enforcement ("ICE") officers arrested and re-detained her. Also

2

on June 5, 2025, she was placed in expedited removal proceedings and served with a new NTA. *Id.* at 5. On July 29, 2025, an asylum officer made a positive finding of credible fear, and she was placed into standard Section 240 removal proceedings. *Id.* An IJ denied her asylum application on October 7, 2025. *Id.* She timely appealed that denial to the Board of Immigration Appeals ("BIA"). *Id.*

After being detained for seven months, Petitioner requested and received a bond hearing. *Id.* The IJ denied bond based on "flight risk" but did not cite any evidence or basis for the determination. *Id.*

On April 14, 2026, at a master calendar hearing, an IJ ordered Petitioner removed from the United States. *Id.* Petitioner has appealed that order to the BIA. *Id.*

On April 20, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to release her from immigration detention and returned to her previous order of conditional parole or to provide an immigration bond hearing. (Dkt. No. 1.) Petitioner argues her re-detention violated due process. She asserts that the Constitution and Due Process require that Respondents provide Petitioner with individualized notice and a hearing prior to revocation of her parole. (Dkt. No. 1 at 16–17.) Further she argues that after an initial release from custody on conditions, a person paroled has a liberty interest.

In their Answer, filed on April 27, 2026, Respondents stated they "are not presenting an opposition argument." (Dkt. No. 7 at 2.) Respondents' choice to not oppose Petitioner's claims in their Answer is in effect a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process

claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at \*3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). *See also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at \*1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

Petitioner's requested relief is a declaration that her continued detention violates the Fifth Amendment and an order that she be released immediately. (Dkt. No. 1 at 24–25.) As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens during immigration proceedings, have a liberty interest in their continued conditional release, which much be protected by adequate procedural safeguards. *Sheng Kun v. Janecka, et al.*, No. ED CV 26-1280-DMG (AYP), 2026 WL 931541, at \*4 (C.D. Cal. Apr. 3, 2026). Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior conditional release and the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of her re-detention, the Court finds that it is appropriate to grant the Petition. *See id.*

4

## II.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to IMMEDIATELY RELEASE Petitioner, Tatiana Yamileth Burgos Torres (A# 244-786-752) from custody, subject to conditions of supervision that existed prior to her detention on June 5, 2025, along with her personal belongings and possessions, including her identification, work permits, and other documentation, and preventing her re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk before Petitioner may be re-detained; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

Dated: June 2, 2026

_____
HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE